UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN BRAUNSTEIN, DESHON HEREFORD,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendant(s). | Case No.: 2:18-cv-01767-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiffs' motion to proceed *in forma pauperis*, and their proposed complaint. The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

In this case, Plaintiffs seek injunctive relief under § 1983 for alleged constitutional violations occurring in their criminal trials based on the manner in which the jurors were sworn

1

in. *See, e.g.*, Docket No. 1-1 at 3-4. Plaintiffs essentially acknowledge that they seek habeas relief, but decline to frame their claims as such given their previous unsuccessful habeas petitions. *See id.* at 11; *see also Hereford v. Neven*, Case No. 2:14-cv-01390-JAD-CWH, Docket No. 13 (D. Nev. Aug. 27, 2015) (dismissing habeas petition with prejudice); *Braunstein v. Neven*, Case No. 2:15-cv-00947-RFB-NJK, Docket No. 13 (D. Nev. Feb. 5, 2016) (dismissing fourth attempted habeas petition with prejudice).

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** and that the pending application to proceed *in forma pauperis* be **DENIED** as moot.

Dated: September 13, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).